EXHIBIT A

# A (1)

**Rusing & Lopez, P.L.L.C.**
6262 North Swan Rd., Suite 200
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520)529-4262
jsundt@rusingandlopez.com

John H. Sundt
State Bar No. 011992; PCC No. 56192
Catherine M. Woods
State Bar No. 012023; PCC No. 65911
Attorneys for Plaintiff Filiberto J. Islas, Jr.

FILED
10 DEC 13
10 DEC 13 PM 5: 48
. . . .LAND
CLERK, SUPERIOR COURT
BY_____
DEPUTY
Michael Muske

PAID

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

| Filiberto J. Islas, a married man, | NO. **C20109665** |
|---|---|
| Plaintiff, | **COMPLAINT** (Tort; Civil Rights) |
| vs. | (Assigned to **Richard E. Gordon**) |
| M & O Agencies, Incorporated, an Arizona corporation, dba The Mahoney Group; XYZ Corporations 1-3; John and Jane Does 1-20; | |
| Defendant. | |

Plaintiff Filiberto J. Islas, for his Complaint alleges as follows:

1.     Plaintiff Filiberto J. Islas is a resident of Pima County, Arizona.

2.     Defendant M & O Agencies, Incorporated, an Arizona corporation, doing business as "The Mahoney Group," which does business in Pima County.

3.     Defendants XYZ Corporations 1 through 3 and John and Jane Does 1 through 20 are individuals and entities whose true identities are unknown to Plaintiff but who are named herein because:

a.     They participated in or ratified the acts alleged herein;

b.     They are controlling owners of the named Defendant and are personally liable for the acts alleged herein;

M:\DOCS\500012\000\CORR\2012664.DOC

J-1

Rusing & Lopez, P.L.L.C.
6262 North Swan Rd., Suite 200
Tucson, Arizona 85718
Telephone: (520) 792-4800

1    c.  They are otherwise liable for the acts alleged herein; and/or

2    d.  They are otherwise proper parties.

3   4.  This action involves acts which occurred in Pima County, Arizona, and Pima

4 County is therefore the proper venue for filing this lawsuit.

5   5.  Plaintiff Filiberto Islas ("Mr. Islas") is a licensed insurance agent in the State

6 of Arizona.

7   6.  Starting on June 9, 1986 and ending on September 1, 2009, Mr. Islas was

8 employed by Defendant's Tucson office as a Commercial Line Agent ("CLA").

9   7.  Mr. Islas was, at all times, qualified to perform and has adequately and

10 competently performed all reasonable requirements of his job as a CLA with the Defendant.

11   8.  Mr. Islas was the most senior employee in the Tucson office and was

12 consistently a top producer throughout his 23-year career.

13   9.  In 2009, Mr. Islas was subject to disparate treatment in his employment.

14 Among other things, Defendant subjected Mr. Islas to performance criteria and other

15 conditions of employment not required of similarly situated employees.

16   10.  On August 5, 2009, Mr. Islas filed a claim of discrimination with Defendant's

17 Human Resources Department, wherein he complained he was discriminated against

18 because he had previously testified in a sexual harassment case filed against one of the

19 principals of Defendant.

20   11.  On September 1, 2009, Mr. Islas was singled out for disparate treatment

21 and/or terminated for improper reasons, including but not limited to:

22    a.  In retaliation for filing an internal EEO complaint;

23    b.  In retaliation for filing an ACRD and EEOC complaint;

24    c.  In retaliation for giving testimony in a sexual harassment lawsuit

25 previously filed against one of the principals of Defendant; and

26    d.  For reasons that violate public policy.

M:\DOCS\500012\000\CORR\2012664.DOC

12.     As a direct and proximate result of the complained of actions, Plaintiff has suffered damages, including but not limited to, loss of wages, loss of commissions, damage to his reputation, emotional distress and other damages.

16.     Plaintiff is entitled to his reasonable costs and attorneys' fees.

17.     The actions of Defendant were intentional, willful and wanton so as to justify the imposition of punitive damages.

WHEREFORE, Plaintiff respectfully requests that the Court grant judgment against Defendant as follows:

A.      For compensatory damages;

B.      For punitive damages;

C.      For reasonable costs and attorneys' fees;

D.      For such injunctive relief as may be required to redress the actions complained of herein; and

E.      For such other relief as may be just and proper.

DATED this 13th day of December, 2010.

RUSING & LOPEZ, P.L.L.C.


John H. Bundt
Catherine M. Woods
Attorneys for Plaintiff

Rusing & Lopez, P.L.L.C.
6262 North Swan Rd., Suite 200
Tucson, Arizona 85718
Telephone: (520) 792-4800

M:\DOCS\500012\000\CORR\2012664.DOC

3

**A (2)**

## ARIZONA SUPERIOR COURT, COUNTY OF PIMA

| | |
|---|---|
| Filiberto J. Islas, a married man, )<br><br>Plaintiff, )<br>vs. )<br><br>M & O Agencies, Incorporated, an Arizona )<br>corporation, dba The Mahoney Group; XYZ )<br>Corporations 1-3; John and Jane Does 1-20; )<br><br>Defendant. ) | Case No. **C20109665**<br><br>SUMMONS<br><br><br>Richard E. Gordon |

---

**THE STATE OF ARIZONA to the above-named Defendant:**     M & O Agencies, Incorporated
c/o Michael J Mesenbrink, Statutory Agent
20410 N 19th Ave #170
Phoenix, AZ 85027

1.    A lawsuit has been filed against you.

2.    If you do not want a Judgment taken against you for the relief demanded in the accompanying Complaint, you must file a Response in writing in the Office of the Clerk of the Superior Court, 110 West Congress, Tucson, Arizona 85701, accompanied by the necessary filing fee. A copy of the Response must also be mailed to the Plaintiff/Attorney whose name appears below.

3.    The Response must be filed within **TWENTY DAYS**, exclusive of the date of service, if served within the State of Arizona, or within **THIRTY DAYS**, exclusive of the date of service, if served outside the State of Arizona.

4.    This is a legal document. If you do not understand its consequences, you should seek the advice of an attorney.

5.    Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least three working days in advance of a scheduled court proceeding.

WITNESS My Hand and the Seal of the Superior Court.          **PATRICIA A. NOLAND**

DATED:    DEC 1 3 2010

CLERK OF THE SUPERIOR COURT

By_____
Deputy Clerk    Michael Muske

**ATTORNEY'S NAME, ADDRESS, PHONE**
John H. Sundt
State Bar No. 011992; PCC No. 56192
Catherine M. Woods
State Bar No. 012023; PCC No. 65911
Rusing & Lopez, P.L.L.C.
6262 North Swan Road, Suite 200
Tucson, AZ 85718
520-792-4800

**A (3)**

COPY

DEC 1 3 2010

PATRICIA A. NOLAND
CLERK, SUPERIOR COURT

1   **Rusing & Lopez, P.L.L.C.**
    6262 North Swan Rd., Suite 200
2   Tucson, Arizona 85718
    Telephone: (520) 792-4800
3   Facsimile: (520)529-4262
    jsundt@rusingandlopez.com
4
    John H. Sundt
5   State Bar No. 011992; PCC No. 56192
    Catherine M. Woods
6   State Bar No. 012023; PCC No. 65911
    Attorneys for Plaintiff Filiberto J. Islas, Jr.
7
                **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
8
                    **IN AND FOR THE COUNTY OF PIMA**
9
    Filiberto J. Islas, a married man,              **NO.** **C20109665**
10
                            Plaintiff,
11                                                  **CERTIFICATE OF COMPULSORY**
    vs.                                             **ARBITRATION**
12                                                  (Tort; Civil Rights)
    M & O Agencies, Incorporated, an
13  Arizona corporation, dba The Mahoney            (Assigned to   Richard E. Gordon   )
    Group; XYZ Corporations 1-3; John and
14  Jane Does 1-20;
15                          Defendant.
16
17          Plaintiff Filiberto J. Islas, through undersigned counsel, pursuant to
18  ARIZ.CIV.P. 72-76, hereby certifies that they know the dollar limits and any other
19  limitations set forth by the local rules of practice for the applicable superior court and
20  further certifies that this case **is not** subject to compulsory arbitration.
21          DATED this 13th day of December, 2010.
22                                          RUSING & LOPEZ, P.L.L.C.
23
24                                          John H. Sundt
                                            Catherine M. Woods
25                                          Attorneys for Plaintiff
26

M:\DOCS\500012\000\PLDGS\2012680.DOC

**A (4)**

**Rusing & Lopez, P.L.L.C.**
6262 North Swan Rd., Suite 200
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520)529-4262
jsundt@rusingandlopez.com

John H. Sundt
State Bar No. 011992; PCC No. 56192
Catherine M. Woods
State Bar No. 012023; PCC No. 65911
Rebecca K. O'Brien
State Bar No. 021954; PCC No. 65649
Attorneys for Plaintiff Filiberto J. Islas, Jr.

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| Filiberto J. Islas, a married man,<br><br>                    Plaintiff,<br><br>vs.<br><br>M & O Agencies, Incorporated, an Arizona corporation, dba The Mahoney Group; Leon Byrd and Patricia Roberts, husband and wife; XYZ Corporations 1-3; John and Jane Does 1-20;<br><br>                    Defendants. | NO. C20109665<br><br>**FIRST AMENDED COMPLAINT**<br>(Tort; Civil Rights; Breach of the Implied Covenant of Good Faith and Fair Dealing; Tortious Interference; Unjust Enrichment)<br><br>(Assigned to Hon. Richard E. Gordon) |

Plaintiff Filiberto J. Islas, for his First Amended Complaint alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Filiberto J. Islas is a resident of Pima County, Arizona.

2.      Defendant M&O Agencies, Incorporated ("M&O"), is an Arizona corporation, doing business as "The Mahoney Group," and which does business in Pima County.

3.      Upon information and belief, Defendant Leon Byrd is an individual residing in Pima County, Arizona.

Rusing & Lopez, P.L.L.C.
6262 North Swan Rd., Suite 200
Tucson, Arizona 85718
Telephone: (520) 792-4800

4.      Upon information and belief, Defendant Patricia Roberts is an individual residing in Pima County, Arizona.

5.      Upon information and belief, at all times relevant hereto, Defendants Leon Byrd and Patricia Roberts were husband and wife.

6.      Upon information and belief, at all times mentioned herein, the acts of Leon Byrd were taken for the benefit of the Byrd-Roberts marital community and did benefit the Byrd-Roberts marital community.

7.      Defendants XYZ Corporations 1 through 3 and John and Jane Does 1 through 20 are individuals and entities whose true identities are unknown to Plaintiff and are named herein because:

a.      They participated in or ratified the acts alleged herein;

b.      They are controlling owners, agents, or employees of the named Defendant and are personally liable for the acts alleged herein;

c.      They are otherwise liable for the acts alleged herein; and/or

d.      They are otherwise proper parties.

Plaintiff reserves the right to amend its First Amended Complaint to include the specific name of such entities and persons in a timely manner after their true identity is ascertained.

8.      This action involves actions and events that occurred exclusively in Pima County, Arizona, therefore Pima County is the proper venue for filing this lawsuit, pursuant to A.R.S. §12-401.

9.      This court has jurisdiction over this action pursuant to A.R.S. § 12-123.

## GENERAL ALLEGATIONS

10.     Plaintiff Filiberto Islas ("Mr. Islas") is, and at all times relevant hereto was, a licensed insurance agent in the State of Arizona.

11.     For approximately 23 years, beginning on June 9, 1986 and ending on

M:\DOCS\090035\001\EMAIL\20J5024.DOC

1   September 1, 2009, Mr. Islas was employed by Defendant M&O's Tucson office as a

2   Commercial Lines Agent ("CLA").

3        12.    During his 23-year term of employment, Mr. Islas was, at all times, qualified

4   to perform and adequately and competently performed all reasonable requirements of his

5   job as a CLA with the Defendant M&O.

6        13.    On or about September 1, 2009 Defendants terminated Mr. Islas' employment

7   with Defendant M&O.

8        14.    At the time of his termination, Mr. Islas was the most senior employee in

9   Defendant M&O's Tucson office and was consistently a top producer throughout his 23-

10   year career.

11        15.    Beginning in 2003 and throughout Mr. Islas' employment with Defendant

12   M&O, Defendant Leon Byrd was the Vice President, and an owner and member of the

13   Board of Directors of Defendant M&O.

14        16.    At all times relevant hereto, in his capacity as Vice President, and an owner

15   and member of the Board of Directors of Defendant M&O, Defendant Byrd was in a

16   position of significant influence and power at M&O.

17        17.    In or around May 2004, Eileen Craig filed a sexual harassment lawsuit against

18   Defendants Leon Byrd and M&O, which alleged that while she was employed as office

19   manager of Defendant M&O, her direct supervisor, Defendant Leon Byrd, engaged in

20   repeated sexual advances toward her and that his repeated advances "and the company's

21   cursory investigation constituted an actionable claim under Title VII of the Civil Rights Act

22   of 1964, 42 U.S.C. §§ 2000e *et seq.*, as well as various Arizona state laws." *See Craig v.*

23   *M&O Agencies, Inc.*, 496 F.3d 1047 (9th Cir. 2007).

24        18.    Upon information and belief, at the time the *Craig* sexual harassment lawsuit

25   was filed, Defendant Byrd was in line to become the President of Defendant M&O.

26        19.    Upon information and belief, as a result of the *Craig* sexual harassment

Rusing & Lopez, P.L.L.C.
6262 North Swan Rd., Suite 200
Tucson, Arizona 85718
Telephone: (520) 792-4800

1    lawsuit, Defendant Byrd did not become President of Defendant M&O.

2        20.    In the Fall of 2004, Mr. Islas was scheduled to provide testimony as a witness

3    in the *Craig* sexual harassment lawsuit.

4        21.    During the Fall of 2004, after Mr. Islas was scheduled to testify, Defendant

5    M&O demanded that Mr. Islas sign an "Employment Agreement," which contained

6    extremely broad and onerous non-compete, anti-solicitation, and confidentiality provisions.

7        22.    Mr. Islas objected to signing the Employment Agreement, as written, on the

8    basis that it was extremely overbroad and unduly onerous, however, Defendant M&O

9    insisted that Mr. Islas sign the agreement "as is" if he wanted to continue working for

10   Defendant M&O.

11       23.    On November 8, 2004, Mr. Islas signed the Employment Agreement because

12   he felt he had no choice but to do so in order to maintain his employment with M&O.

13       24.    Thereafter, in December 2004, Mr. Islas provided deposition testimony in the

14   *Craig* sexual harassment lawsuit, which detailed Defendant Byrd's history of inappropriate

15   and sexual behavior toward Eileen Craig and other past women employees of Defendant

16   M&O, which was unfavorable to Defendant Byrd and Defendant M&O.

17       25.    At the time Mr. Islas provided the foregoing testimony, he was concerned that

18   Defendants M&O and or Byrd would retaliate against him for doing so.

19       26.    Following his deposition, and continuing through his termination on

20   September 1, 2009, the working environment for Mr. Islas at M&O was extremely tense

21   and uncomfortable, especially whenever Mr. Islas and Defendant Byrd were in the same

22   room. Mr. Islas perceived that he was a target to be eliminated by Defendants M&O and

23   Byrd.

24       27.    In May 2005, the federal district court entered summary judgment in favor of

25   Defendants M&O and Byrd in the *Craig* sexual harassment lawsuit.

26       28.    Eileen Craig appealed the district court's decision to the Ninth Circuit Court

M:\DOCS\090035\001\EMAIL\20J5024.DOC

4

Rusing & Lo, P.L.L.C.
6262 North Swan Rd., Suite 200
Tucson, Arizona 85718
Telephone: (520) 792-4800

of Appeals, which appeal remained pending for more than two years, until August 9, 2007.

29. On August 9, 2007, the Ninth Circuit Court of Appeals reversed the district court's grant of summary judgment, and remanded the case for trial, finding that Craig had established that Defendant Leon Byrd's actions were pervasive and serious, and sufficient to state a sexual harassment claim. *See Craig v. M&O,* 496 F.3d 1047 (9th Cir. 2007).

30. Upon information and belief, the *Craig* sexual harassment lawsuit settled in or around February 2008, which settlement was made in exchange for a significant settlement payment by Defendant Byrd and/or M&O to Eileen Craig.

31. At or about the time Mr. Islas was scheduled to give testimony in the *Craig* sexual harassment lawsuit and continuing through his termination on September 1, 2009, Mr. Islas was subject to a hostile work environment and disparate treatment in his employment. Among other things, Defendant M&O withheld compensation from Mr. Islas and subjected Mr. Islas to additional performance criteria and other conditions of employment not required of similarly situated employees.

32. Upon information and belief, Defendant Byrd used his influence as Vice President, owner, and board member of Defendant M&O to facilitate the imposition of the additional performance criteria and other conditions of employment on Mr. Islas, which were not required of similarly situated employees.

33. On information and belief, the additional performance criteria and other conditions of employment were improperly imposed by Defendants on Mr. Islas in retaliation for his providing testimony adverse to Defendants in the *Craig* sexual harassment lawsuit and for Mr. Islas' prior reports to M&O management concerning Defendant Byrd's past history of inappropriate sexual behavior with women employees of Defendant M&O, and for purposes of creating a pretext that M&O could later use as an excuse for terminating Mr. Islas' employment.

34. In the summer of 2009, Mr. Islas was on track to satisfy the additional

Rusing & Lo___, P.L.L.C.
6262 North Swan Rd., Suite 200
Tucson, Arizona 85718
Telephone: (520) 792-4800

1    performance criteria imposed on him by Defendant M&O.

2        35.    Nevertheless, in July 2009, Defendant M&O notified Mr. Islas that if he did

3    not close a certain transaction by the end of August 2009, he would be terminated.

4        36.    On August 5, 2009, Mr. Islas filed an internal claim of discrimination with

5    Defendant M&O's Human Resources Department, wherein he complained he was being

6    discriminated against because he had previously testified in a sexual harassment case filed

7    against one of the principals of Defendant M&O, Defendant Leon Byrd.

8        37.    Defendant M&O did not ever provide a response to Mr. Islas' internal

9    complaint.

10       38.    Instead, on September 1, 2009, Defendant M&O terminated Mr. Islas, for the

11   stated reason that Mr. Islas' had allegedly failed to meet the increased production

12   requirements that were imposed on him beginning in February 2008.

13       39.    On December 18, 2009, Mr. Islas filed an EEOC complaint with the Arizona

14   Civil Rights Division.

15       40.    On Thursday, September 9, 2010, the Arizona Civil Rights Division issued a

16   right to sue Notice. Mr. Islas received the right to sue Notice on or about Monday,

17   September 13, 2010.  A true and correct copy of the right to sue Notice is attached hereto,

18   as Exhibit 1.

19                            **COUNT ONE**

20              **(Wrongful Discharge against Defendant M&O)**

21       41.    Plaintiff realleges and incorporates by reference all of the foregoing

22   paragraphs in this First Amended Complaint as if fully set forth herein.

23       42.    This cause of action is brought pursuant to the Arizona Employment

24   Protection Act, A.R.S. § 23-1501 and the Arizona Civil Rights Act, A.R.S. § 41-1464,

25   which prohibit an employer from discriminating against an employee because the employee

26   has opposed any practice which is an unlawful employment practice or has made a charge,

Rusing & Lopez, P.L.L.C.
6262 North Swan Rd., Suite 200
Tucson, Arizona 85718
Telephone: (520) 792-4800

M:\DOCS\090035\001\EMAIL\20J5024.DOC

1  testified or assisted or participated in any manner in an investigation, proceeding or hearing

2  under Article 6 of this Chapter. A.R.S. § 41-1464.

3      43.    Upon information and belief, Defendant M&O terminated Mr. Islas in

4  retaliation for his opposition to, and reporting of, Defendant Byrd's inappropriate and

5  sexually harassing behavior toward women employees of Defendant M&O, behavior that is

6  prohibited by the Arizona Civil Rights Act.

7      44.    Upon information and belief, Defendant M&O terminated Mr. Islas in

8  retaliation for his testifying as a witness in the *Craig* sexual harassment lawsuit, which

9  included claims for sexual harassment in violation of Title VII and the Arizona Civil Rights

10  Act.

11      45.    Upon information and belief, Defendant M&O terminated Mr. Islas in

12  retaliation for filing an internal EEO complaint with Defendant M&O.

13      46.    Upon information and belief, Defendant M&O's proffered reason for

14  terminating Mr. Islas, that Mr. Islas had failed to meet production goals, were pretextual

15  because: 1) at the time of his termination, Mr. Islas was on track to meet the increased

16  production goals; and 2) upon information and belief, the increased production goals were

17  not imposed on any similarly situated employee.

18      47.    Upon information and belief, Defendant M&O's termination of Mr. Islas as

19  alleged in this First Amended Complaint constitutes an unlawful employment practice, in

20  violation of A.R.S. § 41-1464 and A.R.S. § 23-1501, *et seq.*

21      48.    As a direct, foreseeable and proximate result of Defendant M&O's

22  discriminatory acts, Mr. Islas has suffered and continues to suffer substantial loss of

23  earnings and job benefits, and has suffered and continues to suffer humiliation,

24  embarrassment, mental and emotional distress and discomfort, all to plaintiff's damage, in

25  an amount to be proven at trial.

26      49.    Defendant M&O committed the foregoing acts intentionally and maliciously,

Rusing & Lo___, P.L.L.C.
6262 North Swan Rd., Suite 200
Tucson, Arizona 85718
Telephone: (520) 792-4800

M:\DOCS\090035\001\EMAIL\20J5024.DOC

7

willfully and wantonly, entitling Mr. Islas to an award of punitive damages in an amount appropriate to punish and make an example of Defendant M&O.

50.     Plaintiff is entitled to his reasonable costs and attorneys' fees, pursuant to A.R.S. § 41-1481.

## COUNT TWO
### (Breach of the Implied Covenant of Good Faith And Fair Dealing)

51.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs in this First Amended Complaint as if fully set forth herein.

52.     The employment relationship between Plaintiff and Defendant M&O was contractual in nature and carried with it the implied covenant of good faith and fair dealing.

53.     On information and belief, Defendants breached the implied covenant of good faith and fair dealing by terminating Plaintiff's employment for improper cause, as detailed above, and thereby depriving Plaintiff of the benefits of his employment, wages, commissions and other employment benefits, including retirement plan benefits.

54.     Defendants' breach of the implied covenant of good faith and fair dealing has proximately caused, and continues to cause damage to Plaintiff, in an amount to be proven at trial.

55.     This action arises out of a contract; Plaintiff is entitled to recover his reasonable attorneys' fees and taxable costs, pursuant to A.R.S. §§ 12-341and 12-341.01.

## COUNT THREE
### (Tortious Interference with Contract against Defendant M&O)

56.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs in this First Amended Complaint as if fully set forth herein.

57.     During the period between June 9, 1986 and ending on September 1, 2009, Mr. Islas had a contract of employment with Defendant M&O that entitled him to receive

Rusing & L____, P.L.L.C.
6262 North Swan Rd., Suite 200
Tucson, Arizona 85718
Telephone: (520) 792-4800

wages, commissions, bonuses, and other benefits in exchange for carrying out his duties as a Commercial Lines Agent, such as writing insurance policies and/or securing policy renewals for existing client accounts.

58.    Prior to the time of his termination, Mr. Islas had performed all the work necessary to secure policy renewals on a number of his existing client accounts for the period from September through December 2009.

59.    Upon information and belief, a number of the policies on existing client accounts of Mr. Islas were in fact renewed during the period between September and December 2009, and policy premiums were paid to Defendant M&O.

60.    Upon receipt of the policy premium, agent commissions became due and payable.

61.    Upon information and belief, Defendant M&O knew of and had reason to know of Mr. Islas' existing customer accounts and the status and timing of the policy renewals and payment of policy premiums on Mr. Islas' customer accounts.

62.    Upon information and belief, on or about September 1, 2009, Defendant M&O improperly terminated Mr. Islas in retaliation for his providing testimony in the *Craig* sexual harassment lawsuit, reporting inappropriate sexual behavior of Defendant Leon Byrd toward women employees, and/or for filing an internal civil rights complaint.

63.    Defendant M&O's termination of Mr. Islas was for improper cause and was without justification.

64.    As a result of his improper termination, Mr. Islas was deprived of his right to receive commissions on his pending customer accounts, even though he had performed all work necessary to secure the policy renewals.

65.    As a direct and proximate result of Defendant M&O's improper termination of Mr. Islas, Mr. Islas has suffered compensatory damages, including but not limited to lost wages, commissions, benefits, as well as general damages for mental and emotional distress

Rusing & Lo, P.L.L.C.
6262 North Swan Rd., Suite 200
Tucson, Arizona 85718
Telephone: (520) 792-4800

M:\DOCS\090035\001\EMAIL\20J5024.DOC

1 | in an amount to be proven at trial.

2 |       66.    Defendant M&O's actions were intentional, willful, wanton and malicious,

3 | thereby justifying the imposition and award of punitive damages.

4 |       67.    This action arises out of contract, therefore, Mr. Islas is entitled to his

5 | reasonable attorneys' fees and taxable costs, pursuant to A.R.S. §§ 12-341and12-341.01

6 | <center>**COUNT FOUR**</center>

7 | <center>**(Tortious Interference with Contract against Defendants**<br>**Leon Byrd and Patricia Roberts)**</center>

8 |       68.    Plaintiff realleges and incorporates by reference all of the foregoing

9 | paragraphs in this First Amended Complaint as if fully set forth herein.

10 |       69.    During the term of his employment with Defendant M&O, Mr. Islas had

11 | business relations and expectancies with customers.

12 |       70.    At all times relevant, Defendants Byrd and Roberts knew of Mr. Islas'

13 | existing employment agreement with M&O and Mr. Islas' business relations and

14 | expectancies with customers, and his expectation of earning and receiving commissions,

15 | bonuses, and other benefits as a result of his efforts with customers.

16 |       71.    On information and belief, Defendant Byrd improperly, willfully and

17 | intentionally interfered with Mr. Islas' employment relationship with M&O and with his

18 | existing and prospective contractual relations with customers by, among other things, using

19 | his substantial influence as Vice President, owner and board member of Defendant M&O to

20 | facilitate the imposition of additional performance and other criteria on Mr. Islas, thereby

21 | creating a pretext that later could be used as an excuse for terminating Mr. Islas'

22 | employment with M&O, and Mr. Islas' loss of business relations and expectancies with

23 | customers.

24 |       72.    On information and belief, Defendant Byrd used his influence for an improper

25 | purpose, namely to retaliate against Mr. Islas for providing testimony in the *Craig* sexual

26 |

<div style="writing-mode: vertical-rl">Rusing & Lopez, P.L.L.C.<br>6262 North Swan Rd., Suite 200<br>Tucson, Arizona 85718<br>Telephone: (520) 792-4800</div>

M:\DOCS\090035\001\EMAIL\20J5024.DOC

<center>10</center>

harassment lawsuit and for reporting Defendant Byrd's inappropriate sexual conduct with other women employees of Defendant M&O to management personnel.

73.   Defendant Byrd had no justification for interfering with Mr. Islas' existing employment with Defendant M&O, or for interfering with Mr. Islas' existing and prospective customer relations.

74.   Defendant Byrd's interference proximately caused injury to Mr. Islas, which has resulted in actual damage, including loss of his employment relationship with Defendant M&O, humiliation and embarrassment associated therewith, as well as losses from, among other things, Mr. Islas' loss of customers and potential customers, loss of right to receive commissions on accounts for which renewal work was already performed. Defendant Byrd's tortious conduct has caused and will in the future continue to cause Mr. Islas damage.

75.   Defendant Byrd's actions were intentional, willful, wanton, and malicious, justifying the imposition and award of punitive damages.

76.   This action arises out of contract, therefore Mr. Islas is entitled to his reasonable attorneys' fees and taxable costs, pursuant to A.R.S. §§ 12-341and12-341.01.

**COUNT FIVE**
**(Unjust Enrichment against Defendants Byrd and Roberts)**

77.   Plaintiff realleges and incorporates by reference all of the foregoing paragraphs in this First Amended Complaint as if fully set forth herein.

78.   At all times relevant, Defendants Byrd and Roberts knew of Mr. Islas' existing employment relationship with M&O and Mr. Islas' business relations and expectancies with his existing customers.

79.   On information and belief, Defendant Byrd improperly, willfully and intentionally interfered with Mr. Islas' employment with M&O and existing and prospective contractual relations by, among other things, using his substantial influence as

Rusing & Lo_____, P.L.L.C.
6262 North Swan Rd., Suite 200
Tucson, Arizona 85718
Telephone: (520) 792-4800

Vice President, owner and board member of Defendant M&O to facilitate the imposition of additional performance criteria and other conditions on Mr. Islas' employment, which set in motion a series of events that ultimately culminated in the improper termination of Mr. Islas on September 1, 2009.

80.     Upon information and belief, Defendant Byrd used his influence for an improper purpose, namely to retaliate against Mr. Islas for providing testimony in the *Craig* sexual harassment lawsuit and for reporting Defendant Byrd's inappropriate sexual conduct with other women employees of Defendant M&O to management personnel.

81.     Defendant Byrd had no justification for interfering with Mr. Islas' existing employment with Defendant M&O, or for interfering with Mr. Islas' existing and prospective customer relations.

82.     During his employment with M&O, Defendant Byrd had a history of using his substantial influence to ensure that he or his wife was assigned the most lucrative accounts of terminated employees.

83.     Upon information and belief, following Mr. Islas' termination, the majority of Mr. Islas' most lucrative accounts were transferred to Defendant Leon Byrd and/or his wife, Defendant Patricia Roberts.

84.     Upon information and belief, as a direct consequence of Defendant Leon Byrd's improper actions, as set forth above, Defendants Leon Byrd and Patricia Roberts received the monetary benefits associated with the transfer of Mr. Islas' existing customer accounts to them, including but not limited to payment of commissions and compensation associated therewith.

85.     As a direct and proximate consequence of their improper actions, Defendants Byrd and Roberts have been unjustly enriched, in an amount to be proven at trial.

86.     Plaintiff requests a trial by jury.

///

Rusing & Lopez, L.L.C.
6262 North Swan Rd., Suite 200
Tucson, Arizona 85718
Telephone: (520) 792-4800

1   WHEREFORE, Plaintiff prays for entry of judgment against Defendants as follows:

2   A.   For compensatory damages against Defendant M&O, in an amount to be

3   proven at trial;

4   B.   For compensatory damages against Defendants Byrd and Roberts, in an

5   amount to be proven at trial;

6   C.   For general damages against Defendants in an amount to be proven at trial;

7   D.   For punitive damages against Defendant M&O;

8   E.   For punitive damages against Defendants Byrd and Roberts;

9   F.   For pre-judgment interest on all liquidated damages, and post-judgment

10   interest on all damages awarded;

11   G.   For reasonable costs and attorneys' fees, against Defendant M&O, pursuant to

12   A.R.S. §§ 12-341and12-341.01, A.R.S. § 41-1481, and any other applicable statute or rule.

13   H.   For reasonable costs and attorneys' fees, against Defendants Byrd and

14   Roberts, pursuant to A.R.S. §§ 12-341and 12-341.01, and any other applicable statute or

15   rule;

16   I.   For such injunctive relief as may be required to redress the actions

17   complained of herein; and

18   J.   For such other relief as may be just and proper.

19   DATED this $\underline{11}$ th day of January, 2011.

20                                   RUSING & LOPEZ, P.L.L.C.

21

22                                   John H. Sundt
                                     Catherine M. Woods
23                                   Rebecca K. O'Brien
                                     Attorneys for Plaintiff

24

25

26

Rusing & Lopez, P.L.L.C.
6262 North Swan Rd., Suite 200
Tucson, Arizona 85718
Telephone: (520) 792-4800

**A (5)**

1  **Rusing & Lopez, P.L.L.C.**
   6262 North Swan Rd., Suite 200
2  Tucson, Arizona 85718
   Telephone: (520) 792-4800
3  Facsimile: (520)529-4262
   jsundt@rusingandlopez.com
4
   John H. Sundt
5  State Bar No. 011992; PCC No. 56192
   Catherine M. Woods
6  State Bar No. 012023; PCC No. 65911
   Rebecca K. O'Brien
7  State Bar No. 021954; PCC No. 65649
   Attorneys for Plaintiff Filiberto J. Islas, Jr.
8

9              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10                   IN AND FOR THE COUNTY OF PIMA

11  Filiberto J. Islas, a married man,            NO. C20109665

12                          Plaintiff,            **PLANTIFF FILIBERTO J. ISLAS'**
                                                  **DEMAND FOR JURY TRIAL**
13  vs.

14  M & O Agencies, Incorporated, an             (Assigned to Hon. Richard Gordon)
    Arizona corporation, dba The Mahoney
15  Group; Leon Byrd and Patricia Roberts,
    husband and wife;  XYZ Corporations 1-
16  3; John and Jane Does 1-20;

17                          Defendants.

18          Pursuant to Rule 38(b), A.R.C.P., Plaintiff Filiberto J. Islas demands a jury trial in

19  connection with the trial of the above-captioned matter.

20          DATED this ⎺11⎺ day of January, 2011.

21                              RUSING & LOPEZ, P.L.L.C.

22

23                              C Woods

24                              John H. Sundt
                                Catherine M. Woods
25                              Rebecca K. O'Brien
                                Attorneys for Plaintiff

26

M:\DOCS\090035\001\PLDGS\20J8128.DOC

1  A copy of the foregoing mailed this
   11th day of January, 2011 to:

2

3  Julie A. Pace
   David A. Selden
   Jodi Bohr

4  The Cavanagh Law Firm
   1850 N. Central Avenue, Ste. 2400

5  Phoenix, Arizona 85004
   Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Rusing & López, P.L.L.C.
6262 North Swan Rd., Suite 200
Tucson, Arizona 85718
Telephone: (520) 792-4800

M:\DOCS\090035\001\PLDGS\20J8128.DOC

2

**A (6)**

FILED
PATRICIA A. NOLAND
CLERK, SUPERIOR COURT

**2011 JAN 18  PM 1:28**

BY: E. BRADFORD,
DEPUTY

E-Z MESSENGER
1209 E. Washington Street
Phoenix, AZ 85034
(602) 258-8081  FAX: (602) 258-8864

CLIENT FILE NO.
090035.001

IN THE ARIZONA SUPERIOR COURT
STATE OF ARIZONA COUNTY OF PIMA

**FILIBERTO J. ISLAS, A MARRIED MAN**
            VS
**M & O AGENCIES, INCORPORATED**

CASE NO. C20109665

JUDGE  GORDON

STATE OF ARIZONA                )
MARICOPA COUNTY            )

AFFIDAVIT OF SERVICE

THE AFFIANT, being sworn, states: That I am a private process server registered in
MARICOPA COUNTY and an Officer of the Court.  On 01/12/11 I received the SUMMONS;
FIRST AMENDED COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION; PLATINIFF FILIBERTO
J. ISLAS' DEMAND FOR JURY TRIAL

from RUSING & LOPEZ, P.L.L.C. and by CATHERINE M. WOODS in each instance I
personally served a copy of each document listed above upon:
M & O AGENCIES, INCORPORATED, AN ARIZONA CORPORATION, DBA THE MAHONEY GROUP, BY
SERVICE UPON ITS STATUTORY AGENT, MICHAEL J. MESENBRINK on 01/13/11 at 2:45 pm at
20410 N. 19TH AVE., #170 PHOENIX, AZ 85027 MARICOPA COUNTY in the manner shown
below:

by leaving true copy(ies) of the above documents with MICHAEL MESENBRINK, STATUTORY
AGENT, STATED AUTHORIZED TO ACCEPT.

Description: WHITE, Male, Approx. 50+ yrs. of age, 5' 7" tall, Weighing 150lbs.,
BLUE Eyes, GRAY Hair,



MARK DILUCCIA               Affiant
Sworn to before me the _Jan 14, 2011_

Denise M. Corral              Notary

My Commission expires: _05/31/2014_

| | | |
|---|---|---|
| SERVICE OF PROCESS | $ | 16.00 |
| MILES | 23 | $ | 55.20 |
| SERVICE CHARGE | $ | 6.50 |
| AFFIDAVIT PREP/NOTARY | $ | 10.00 |
| TOTAL | $ | 87.70 |

2032143 4303 05
ORIGINAL

AX022032143



OFFICIAL SEAL
DENISE M. CORRAL
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY
My Comm. Exp. May 31, 2014

ARIZONA SUPERIOR COURT, COUNTY OF PIMA

Filiberto J. Islas, a married man,

                       **Plaintiff,**

vs.

M & O Agencies, Incorporated, an Arizona
corporation, dba The Mahoney Group; XYZ
Corporations 1-3; John and Jane Does 1-20;

                     **Defendant.**

Case No. **C20109665**

SUMMONS

Richard E. Gordon

---

**THE STATE OF ARIZONA to the above-named Defendant:**

M & O Agencies, Incorporated
c/o Michael J Mesenbrink, Statutory Agent
20410 N 19th Ave #170
Phoenix, AZ 85027

1.    A lawsuit has been filed against you.

2.    If you do not want a Judgment taken against you for the relief demanded in the accompanying Complaint, you must file a Response in writing in the Office of the Clerk of the Superior Court, 110 West Congress, Tucson, Arizona 85701, accompanied by the necessary filing fee. A copy of the Response must also be mailed to the Plaintiff/Attorney whose name appears below.

3.    The Response must be filed within **TWENTY DAYS**, exclusive of the date of service, if served within the State of Arizona, or within **THIRTY DAYS**, exclusive of the date of service, if served outside the State of Arizona.

4.    This is a legal document. If you do not understand its consequences, you should seek the advice of an attorney.

5.    Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least three working days in advance of a scheduled court proceeding.

WITNESS My Hand and the Seal of the Superior Court.

DATED:   DEC 1 3 2010

**PATRICIA A. NOLAND**

CLERK OF THE SUPERIOR COURT

By _____
Deputy Clerk

ATTORNEY'S NAME, ADDRESS, PHONE
John H. Sundt
State Bar No. 011992; PCC No. 56192
Catherine M. Woods
State Bar No. 012023; PCC No. 65911
Rusing & Lopez, P.L.L.C.
6262 North Swan Road, Suite 200
Tucson, AZ 85718
520-792-4800

**A (7)**

```
                    FILED
            PATRICIA A. NOLAND
            CLERK. SUPERIOR COURT

              2011 JAN 18 PM 1:32

                    BY: E. BRADFORD.
                         DEPUTY
```

E-Z MESSENGER
65 E. Pennington Street
Tucson, AZ 85701
(520) 623-8436  FAX: (520) 624-1819

CLIENT FILE NO.
090035.001

IN THE ARIZONA SUPERIOR COURT
STATE OF ARIZONA COUNTY OF PIMA

**FILIBERTO J. ISLAS, A MARRIED MAN**
                VS
**M & O AGENCIES, INCORPORATED**

CASE NO. C20109665

JUDGE GORDON

| STATE OF ARIZONA | ) | AFFIDAVIT OF SERVICE |
| PINAL COUNTY | ) | |

THE AFFIANT, being sworn, states: That I am a private process server registered in
PINAL COUNTY and an Officer of the Court.  On 01/12/11 I received the SUMMONS;
FIRST AMENDED COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION; PLATINIFF FILIBERTO
J. ISLAS' DEMAND FOR JURY TRIAL

from RUSING & LOPEZ, P.L.L.C. and by CATHERINE M. WOODS in each instance I
personally served a copy of each document listed above upon:
LEON B. BYRD, JR. AND PATRICIA ROBERTS, HUSBAND AND WIFE on 01/14/11 at 8:12 am at
1045 W. DREAM CHASER CT. ORO VALLEY, AZ 85737 PIMA COUNTY in the manner shown
below:

by leaving 2 true copy(ies) of the above documents with PATRICIA ROBERTS, WIFE in
person, a person of suitable age and discretion residing within their usual place
of abode located at the above address.

Description: WHITE, Female, Approx. 55 yrs. of age, 5' 5" tall, Weighing 140lbs.,
BROWN Eyes, BROWN Hair,

EARL M. CHRISTENSON, ACPS      Affiant
Sworn to before me the  Jan 17, 2011

Priscilla C. Dominguez      OFFICIAL Notary

My Commission         PRISCILLA C. DOMINGUEZ
                   NOTARY PUBLIC-ARIZONA
                PIMA COUNTY
2032146 4303 05       My Comm. Exp. Nov 5, 2011
ORIGINAL

| | | |
|---|---|---|
| SERVICE OF PROCESS | $ | 32.00 |
| MILES      13 | $ | 31.20 |
| SERVICE CHARGE | $ | 6.50 |
| AFFIDAVIT PREP/NOTARY | $ | 10.00 |
| TOTAL | $ | 79.70 |

## ARIZONA SUPERIOR COURT, COUNTY OF PIMA

| | |
|---|---|
| Filiberto J. Islas, a married man, | )   Case No. C20109665 |
|                  Plaintiff, | ) |
| | ) |
| vs. | )   SUMMONS |
| | ) |
| M & O Agencies, Incorporated, an Arizona corporation, | ) |
| dba The Mahoney Group; Leon Byrd and Patricia | ) |
| Roberts, husband and wife; XYZ Corporations 1-3; John | )   Assigned to: Hon. Richard E. Gordon |
| and Jane Does 1-20; | ) |
|                  Defendants. | ) |

**THE STATE OF ARIZONA to the above-named Defendant:**    Leon B. Byrd, Jr.
                                                  1045 W. Dream Chaser Ct.
                                                  Oro Valley, AZ 85737

1.     A lawsuit has been filed against you.

2.     If you do not want a Judgment taken against you for the relief demanded in the accompanying Complaint, you must file a Response in writing in the Office of the Clerk of the Superior Court, 110 West Congress, Tucson, Arizona 85701, accompanied by the necessary filing fee. A copy of the Response must also be mailed to the Plaintiff/Attorney whose name appears below.

3.     The Response must be filed within **TWENTY DAYS**, exclusive of the date of service, if served within the State of Arizona, or within **THIRTY DAYS**, exclusive of the date of service, if served outside the State of Arizona.

4.     This is a legal document. If you do not understand its consequences, you should seek the advice of an attorney.

5.     Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least three working days in advance of a scheduled court proceeding.

**WITNESS My Hand and the Seal of the Superior Court.**

DATED:    **JAN 1 1 2011**             **PATRICIA A. NOLAND**

                                             **CLERK OF THE SUPERIOR COURT**

                                            By _____
                                            Deputy Clerk

**ATTORNEY'S NAME, ADDRESS, PHONE**
Catherine M. Woods
John Sundt
Rebecca K. O'Brien
Rusing & Lopez, P.L.L.C.
6262 North Swan Road, Suite 200
Tucson, AZ 85718
520-792-4800
**Computer No. 65911**

## ARIZONA SUPERIOR COURT, COUNTY OF PIMA

| | |
|---|---|
| Filiberto J. Islas, a married man, | ) Case No. C20109665 |
| Plaintiff, | ) |
| vs. | ) SUMMONS |
| M & O Agencies, Incorporated, an Arizona corporation, | ) |
| dba The Mahoney Group; Leon Byrd and Patricia | ) |
| Roberts, husband and wife; XYZ Corporations 1-3; John | ) Assigned to: Hon. Richard E. Gordon |
| and Jane Does 1-20; | ) |
| Defendants. | ) |

**THE STATE OF ARIZONA to the above-named Defendant:**

Patricia Roberts
1045 W. Dream Chaser Ct.
Oro Valley, AZ 85737

1.  A lawsuit has been filed against you.

2.  If you do not want a Judgment taken against you for the relief demanded in the accompanying Complaint, you must file a Response in writing in the Office of the Clerk of the Superior Court, 110 West Congress, Tucson, Arizona 85701, accompanied by the necessary filing fee. A copy of the Response must also be mailed to the Plaintiff/Attorney whose name appears below.

3.  The Response must be filed within **TWENTY DAYS**, exclusive of the date of service, if served within the State of Arizona, or within **THIRTY DAYS**, exclusive of the date of service, if served outside the State of Arizona.

4.  This is a legal document. If you do not understand its consequences, you should seek the advice of an attorney.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least three working days in advance of a scheduled court proceeding.

**WITNESS My Hand and the Seal of the Superior Court.**

DATED:   JAN 1 1 2011

**PATRICIA A. NOLAND**
**CLERK OF THE SUPERIOR COURT**

By_____
Deputy Clerk

**ATTORNEY'S NAME, ADDRESS, PHONE**
Catherine M. Woods
John Sundt
Rebecca K. O'Brien
Rusing & Lopez, P.L.L.C.
6262 North Swan Road, Suite 200
Tucson, AZ 85718
520-792-4800
**Computer No. 65911**

M:\DOCS\090035\001\PLDGS\20J8534.WPD